[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13385
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03382-CC

RAUL MORENO,

Plaintiff-Appellant,

versus

SERCO INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 11, 2018)

Before JULIE CARNES, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Raul Moreno, proceeding *pro se*, appeals from the district court's grant of summary judgment in his action against his former employer, Serco, Inc., alleging national-origin discrimination and retaliation in violation of 42 U.S.C. §§ 2000e-2, 3.[1]  The facts of the case (and competing allegations) are known to the parties; we will not repeat them here.  Moreno raises two arguments on appeal.  First, as a procedural matter, he argues that the district court held him to an unreasonably high standard given his *pro se* status and mental-health condition.  Second, as a substantive matter, he contends that the district court erred in granting Serco's motion for summary judgment because it ignored his evidence of discrimination and retaliation.

We will address each argument in turn.

## I

We give great deference to a district court's interpretation of its local rules, and review a district court's application of its local rules for abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).  To show abuse of discretion, a plaintiff must show that the district court made a clear error of judgment.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).

---

[1] Moreno also included in his complaint a hostile-work-environment claim, which the district court rejected because the challenged conduct was not severe or pervasive.  Because Moreno does not expressly challenge the severe-or-pervasive finding on appeal, any issue in this respect is abandoned.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Although we liberally construe *pro se* pleadings, *pro se* litigants must still follow procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). We will not consider an issue not raised in the district court and pressed for the first time on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Where a *pro se* litigant fails to raise a legal claim on appeal, he abandons that claim, and we will not review it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Unsworn declarations must contain a certification by the declarant that they were made under penalty of perjury. 28 U.S.C. § 1746.

Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support that assertion by citing to particular parts of the record, and failure to do so may result in the court deeming the fact undisputed for purposes of the motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A), (e)(2). Similarly, Northern District of Georgia Local Rule 56.1B provides that a respondent to a motion for summary judgment must include a document with the responsive brief responding to the movant's statement of undisputed facts and containing concise, nonargumentative, individually numbered responses corresponding to each of the movant's numbered undisputed material facts. N.D. Ga. Local Rule 56.1B(2)(a)(1). Further, the local rule specifically provides that the court will:

3

deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

N.D. Ga. Local Rule 56.1B(2)(a)(2).

We have stated that when "the non-moving party has failed to comply with Local Rule 56.1—the only permissible way for it to establish a genuine issue of material fact at that stage—the court has before it the functional analog of an unopposed motion for summary judgment." *Reese*, 527 F.3d at 1268.

Here, the district court did not hold Moreno to an unreasonably high standard, and Moreno's assertion that his *pro se* status should have excused his failure to follow the applicable rules fails. (Because Moreno does not challenge the district court's finding that he did not follow the applicable rules, he has abandoned any argument in that regard. *See Timson*, 518 F.3d at 874.) Even though he was proceeding *pro se*, Moreno was nonetheless obligated to follow the court's rules. *See Albra, Inc.*, 490 F.3d at 829. Because Moreno failed to properly address each item in Serco's statement of facts, the district court was entitled to treat Serco's statement of facts as admitted. *See Reese*, 527 F.3d at 1268. Moreover, the court was not required to accept the additional declarations submitted by Moreno—of Mark Granados and Reggie Nash—because neither

4

declarant stated that he made his statement under penalty of perjury, as required by 28 U.S.C. § 1746.

Nor did Moreno's mental-health status render the district court's decisions abuses of discretion. The magistrate judge specifically considered the issue and found that Moreno had not demonstrated that his condition explained or justified his failure to follow the court's rules. *See Reese*, 527 F.3d at 1267 n.22.

To the extent that Moreno challenges the district court's treatment of his filings and arguments generally, nothing in the record indicates that the court treated him unfairly. The court offered him the opportunity to renew his motion to appoint counsel, deferred to his choice of venue, and construed the record evidence in the light most favorable to him when ruling on the summary judgment motion, despite his failure to properly cite to it.

Finally, with respect to Moreno's apparent argument that Serco violated his due process rights, he did not raise it before the district court and thus cannot raise it here. *See Access Now*, 385 F.3d at 1331. And as to Moreno's argument that he should have been allowed to confront and cross-examine witnesses, nothing in the Federal Rules of Civil Procedure—or elsewhere—provides for such a procedure at the summary judgment stage.

## II

We review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Title VII makes it unlawful for an employer to (i) discriminate on the basis of national origin or (ii) retaliate against an individual because he has opposed an unlawful employment practice. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3. Where, as here, an employee bases a discrimination claim on circumstantial evidence, we generally apply the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008). Under this framework, if a plaintiff establishes a *prima facie* case for disparate treatment, and the employer provides a legitimate, nondiscriminatory reason for its action, the employee must then show that the employer's stated reasons are a pretext for unlawful discrimination. *Id.* A similar framework applies to retaliation claims. *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

We have explained that, to establish pretext, the plaintiff must "meet [the employer's proffered] reason head on and rebut it, and the employee cannot

succeed by simply quarreling with the wisdom of that reason." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*)). A reason is not pretextual unless it is shown that the proffered reason is false and discrimination or retaliation was the real reason for the adverse employment action. *Id.*; *see Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007).

Liberally construing Moreno's arguments as a challenge to the entry of summary judgment as to his discrimination and retaliation claims, he has not shown that the district court erred. Procedurally, the court did not err in accepting Serco's statement of facts and deeming them admitted, because, as already explained, Moreno failed to follow the court rules in responding to Serco's motion. Moreover, his bare assertion that the district court erroneously disregarded his statement of facts is not sufficient to raise the issue on appeal. *See Sapuppo*, 739 F.3d at 681.

Substantively, because the magistrate judge assumed that Moreno could establish a *prima facie* case of discrimination and retaliation, the only aspect of the ruling that is at issue is whether Moreno established that Serco's stated reasons for firing him—in particular, because the top-ranking government official onsite had

7

banned him from the worksite and confiscated his access card—were pretexts for discrimination or retaliation.

Moreno did not present evidence sufficient to establish pretext. His assertions that the management team made racist remarks, falsified reports about his performance, and enforced the dress code and timecard policies more strictly against him have no relation to the stated reasons and do nothing to undermine those reasons. Likewise, although Moreno claims that a member of Serco's management team, Greg Sudsberry, warned him that the other managers wanted to fire him, he does not state that Sudsberry told him they wanted to fire him because of his Mexican heritage or because he filed an ethics complaint. Thus, none of the instances to which Moreno points—however troubling—establishes pretext, because they do not rebut Serco's stated reasons for firing him or demonstrate that those reasons are false. *See Brooks*, 446 F.3d at 1162; *see Springer*, 509 F.3d at 1349.

Even if Moreno's assertion that he did not need his access card to enter the worksite or use the computers could be deemed to undermine Serco's insistence that he was fired for losing his card, he has not presented any evidence or made any argument to undermine Serco's other stated reason for firing him—that the top-ranking government official at the worksite no longer wanted him there. Nor, finally, has Moreno presented any evidence to support his conclusory assertion that

a "false" 911 call was made with the intention of getting him banned.  At most, he showed that the concerns about his behavior that led to the call were incorrect—not that they were unfounded.

**AFFIRMED.**